Proposed Interim Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ULTIMATE ESCAPES HOLDINGS, LLC, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-12915 ( )<br><br>(Joint Administration)<br><br>Re Docket No. [ ] |

INTERIM ORDER (A) AUTHORIZING THE MAINTENANCE OF BANK
ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS
FORMS AND CHECKS, (B) AUTHORIZING THE CONTINUED
USE OF EXISTING CASH MANAGEMENT SYSTEM, (C) GRANTING
ADMINISTRATIVE EXPENSE STATUS TO POST-PETITION INTERCOMPANY
CLAIMS, AND (D) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") seeking entry of an order: (a) authorizing the maintenance of bank accounts and continued use of existing business forms and checks; (b) authorizing use of existing cash management system; (c) granting administrative expense status to post-petition intercompany claims; and (d) waiving certain investment and deposit guidelines of section 345 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and those guidelines promulgated by the Office of the United States Trustee (the "**Guidelines**"); the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion

under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized but not directed to maintain and use their existing Cash Management System, as more fully set forth in the Motion.

3. The Debtors are authorized to maintain and use the existing bank accounts listed on **Exhibit "A"** to the Motion (the "**Bank Accounts**") in the name and with the account numbers existing immediately prior to the Petition Date.

4. The requirement in the Guidelines that the Debtors establish a specific new bank account for tax payments is waived.

5. Provided that the Debtors have obtained the prior written consent of the Agents, DIP Lender and Original Lender, the Debtors shall retain the authority to close or otherwise modify certain of their Bank Accounts and open new debtor-in-possession accounts, or otherwise make changes to their cash management system as they deem necessary to facilitate their chapter 11 cases and operations, or as may be necessary to comply with the requirements of any debtor-in-possession financing facility or cash collateral usage approved by this Court. In the event that the Debtors open or close any additional bank accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports or notice of such opening or closing shall otherwise be timely provided to the Office of the United States Trustee for the District of Delaware. The Debtors shall provide prompt notification to the U.S. Trustee, the Agents, DIP Lender and Original Lender, and counsel to any official committee of unsecured creditors

appointed in these cases (subsequent to its appointment) of their opening or closing of any bank account.

6. The Debtors are authorized to deposit funds in and withdraw funds from their Bank Accounts by all usual means including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

7. The Debtors are authorized to continue to use their pre-printed checks, correspondence, and business forms, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtor-in-possession status; provided that the Debtors will add the "Debtor-in-Possession" designation to any new checks that they obtain or create post-petition.

8. The banks listed on **Exhibit "A"** to the Motion and any and all other financial institutions receiving or transferring funds from the Debtors are hereby authorized and directed to cooperate with respect to the Debtors' efforts to maintain and use their cash management system and accounts.

9. The Debtors shall be authorized, but not required, to cause certain banks at which Bank Accounts are held to executive a uniform depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date hereof, subject to the full reservation of rights of the United States Trustee if a uniform depository agreement is not executed.

10. Except as provided under the DIP Order, subject to section 553 of the Bankruptcy Code, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting,

freezing, or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court.

11. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain strict records with respect to all transfers of cash so that all transactions between a Debtor and Debtor-affiliates (including Intercompany Transactions) may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

12. Intercompany loans and other claims created through Intercompany Transactions are hereby granted administrative priority status pursuant to 11 U.S.C. § 507(a)(2), junior and subordinate to the DIP Facility Liens, Adequate Protection Liens, 507(b) Claim and Superpriority Claims as defined and described in the DIP Order, and subject to the rights, if any, of the parties to challenge the validity of such claims and Intercompany Transactions; *provided, however*, that each Debtor shall forbear from exercising, and shall not be entitled to exercise, any remedy relating to any Intercompany Transaction including, without limitation, seeking relief from the automatic stay, or seeking any sale, foreclosure, realization upon, repossession or liquidation of any property of another Debtor, or taking any position with respect to any disposition of the property, business operations, or the reorganization of another Debtor, absent further order of this Court; *provided further, however*, that nothing herein shall limit or be construed to limit the Debtors' ability to reconcile amounts owed between and among any Debtor and any Debtor-affiliate, including netting and setting off obligations arising from Intercompany Transactions, whether arising pre or post-petition, in the ordinary course of business, between a Debtor and another Debtor-affiliate.

13. All payments made in accordance with this Order shall be subject to the terms and conditions set forth in the DIP Order, and to the extent that any provision herein is inconsistent with the terms of the DIP Order, the DIP Order shall control.

14. All payments made in accordance with this Order shall be subject to and reflected in the Debtors' Approved Budget.[2]

15. The aggregate amount of all checks written prepetition, which, pursuant to this Order, are honored post-petition, shall be included as Post-Petition Financing (as defined in the DIP Order).

16. The deposit guidelines set forth in section 345 of the Bankruptcy Code are hereby waived, on an interim basis only, for a period of forty-five (45) days from the date hereof.

17. The Motion is set for a final hearing ("**Final Hearing**") before this Court at \_\_:\_\_ \_m. on _____, 2010 (such date or such later date to which the Final Hearing is adjourned or continued), at which time any party in interest may present any timely filed objections to the entry of the Final Order.

18. Nothing in this Order is intended to give, nor shall anything in this Order be construed to give, the Debtors authority to transfer funds to, or to use funds to support, a non-debtor affiliate.

19. Rule 6003 of the Bankruptcy Rules has been satisfied.

20. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[2] Approved "Budget" shall have the meaning ascribed to it in the DIP Order.

21. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: September ___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE