# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ULTIMATE ESCAPES HOLDINGS, | ) | Case No. 10-12915 (BLS) |
| LLC, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objections Due: 10/15/2010 at 4:00 p.m.** |
| | ) | **Hearing Date: 10/20/2010 at 11:00 a.m.** |

### FRISCO INVESTMENTS, LLC'S OBJECTION TO DEBTORS' MOTION, PURSUANT TO SECTIONS 105(a), 363(b) AND 365 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 6004, 6006, AND 9014, THE LOCAL RULES 2002-1 AND 6004-1, REQUESTING ENTRY OF ORDER (A) APPROVING BID PROCEDURES RELATING TO SALE OF THE DEBTORS' ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE SALE; (C) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; (D) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS; AND (E) GRANTING RELATED RELIEF [RELATED TO DOCKET NOS. 8, 14 AND 143]

Frisco Investments, LLC ("Frisco"), by and through its counsel, hereby submits this Objection to Debtors' Motion, Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and Local Rules 2002-1 and 6004-1, Requesting Entry of Order: (A) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale; (C) Approving the Form and Manner of Notice of Sale by Auction; (D) Establishing Procedures for Noticing and Determining Cure Amounts; and (E) Granting Related Relief (this "Objection"). In support of this Objection, Frisco states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On September 20, 2010 (the "Petition Date"), Ultimate Escapes Holdings, LLC, et al. ("Holdings"), along with certain of its direct and indirect affiliates, each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On September 23, 2010, UE Member NCS, LLC ("UE Member") and Private Escapes Platinum Link, LLC ("Private Escapes," and together with Holdings and UE Member, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy.

4. The Debtors continue in possession of their assets and in the operation of their business as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code.

5. None of the Debtors have filed their bankruptcy schedules or their statements of financial affairs.

6. The Office of the United States Trustee for Region 3 (the "US Trustee") appointed a committee of unsecured creditors (the "Committee") on September 29, 2010. No other committees or trustee has been appointed in these bankruptcy cases.

7. On September 21, 2010, the Debtors filed their Motion, Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and Local Rules 2002-1 and 6004-1, Requesting Entry of Order: (A) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale; (C) Approving the Form and Manner of Notice of Sale by Auction; (D) Establishing Procedures for Noticing and Determining Cure Amounts; and (E) Granting Related Relief [Docket No. 8] (the "Bid Procedures Motion"). By the Bid Procedures Motion, the Debtors seek approval of certain procedures and protections for the sale of what was characterized as substantially all of

#78833v1

their assets (the "Sale"). The Debtors propose the following timeline for the Sale: Bid Deadline[1] - October 15, 2010; Auction - October 18, 2010; and Sale Hearing - October 20, 2010.

8. The Debtors Prepetition and DIP Lenders (the "Secured Lenders") are the Stalking Horse Purchaser for the proposed Sale. The Secured Lenders plan to pay the purchase price by credit bid of the prepetition obligations pursuant to 11 U.S.C. § 363(k).

9. As originally submitted, the Agreement of Sale and Purchase [Exhibit A to Docket No. 14] did not include the exhibits specifying the assets subject to the proposed Sale. As a result, it was not possible for parties in interest to identify with specificity the assets subject to the proposed Sale.

10. On September 28, 2010, the US Trustee filed its Objection to Debtors' Motion, Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and Local Rules 2002-1 and 6004-1, Requesting Entry of Order: (A) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale; (C) Approving the Form and Manner of Notice of Sale by Auction; (D) Establishing Procedures for Noticing and Determining Cure Amounts; and (E) Granting Related Relief [Docket No. 77] (the "US Trustee's Objection").

11. On October 1, 2010, the Committee filed its Objection to Debtors' Motion, Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and Local Rules 2002-1 and 6004-1, Requesting Entry of Order: (A) Approving Bid Procedures a Relating to Sale of the Debtors' Assets; (B) Scheduling a Hearing to Consider the Sale; (C) Approving the Form and Manner of Notice of Sale by Auction;

---

[1] Capitalized terms utilized herein and not otherwise defined shall have the meaning ascribed to them in the Bid Procedures Motion.

(D) Establishing Procedures for Noticing and Determining Cure Amounts; and (E) Granting Related Relief [Docket No. 100] (the "Committee Objection"). Frisco incorporates by reference the US Trustee's Objection and the Committee's Objection.

12. On October 12, 2010, the Debtors filed their "Notice of Filing of Amended and Restated Asset Purchase Agreement," which included exhibits purporting to specify the assets subject to the proposed Sale. However, the assets the Debtors propose to include in the Sale still remain less than clear. See, *e.g.*, the definition of "Purchased Assets," which includes "the equity interests of the entities identified on Exhibit B that are owned by the Sellers identified on such schedule, in each case as identified on Exhibit B (as the same may be amended prior to Closing) [Docket No. 143]. There are only three entities listed on Exhibit B under the "Equity Interests" heading, and none of them appear to be within the definition of "Sellers." Moreover, the exhibit specifying the personal property subject to the proposed Sale states that the property remains "SUBJECT TO AMENDMENT OR SUPPLEMENT BASED ON DUE DILIGENCE REVIEW OF SELLERS' BANKRUPTCY SCHEDULES AND DUE DILIGENCE REVIEW OF FOREIGN REAL PROPERTY ISSUES." [Docket No. 143]. The Amended and Restated Agreement of Sale and Purchase [Docket No. 143] also appears to have added UE Member as a "Seller," although UE Member does not appear to have been a movant in connection with the proposed Sale. Compare Schedule 1 to Docket No. 14 with the signature pages specifying the sellers on the Amended and Restated Agreement of Sale and Purchase. [Docket No. 143]. As a result, uncertainty exists as to both the "Sellers" involved, and the assets subject to, the proposed Sale.

## **OBJECTION**

13. Sterling Exploration, LLC, loaned $565,000 on a secured basis to Private Escapes Platinum, LLC and its then wholly owned subsidiary, Private Escapes Platinum Dominican, LLC, to acquire certain real property located in the Dominican Republic and commonly referred to as Villa Kary A-11 (the "Loan.") The Loan is secured by duly perfected first and prior security interests in: the membership interest of Private Escapes Platinum, LLC, in Private Escapes Platinum Dominican, LLC, and all contractual and other legal rights thereto; and (ii) the beneficial interest of Private Escapes Platinum Dominican, LLC, in the corporation organized under the laws of the Dominican Republic [specifically, Corporación 2086, S.A.] through which Private Escapes Platinum Dominican, LLC, was to acquire title to the property known as Villa Kary A-11; and (iii) all contractual, legal, equitable or other rights held by Private Escapes Platinum, LLC and Private Escapes Platinum Dominican, LLC with regard to Villa Kary A-11.

14. Frisco is now the owner and holder of the note evidencing the Loan, and the owner and holder of the security interests securing repayment of the Loan. Additionally, to further secure repayment of the Loan, Private Escapes Platinum Dominican, LLC, which owned one hundred percent of Corporación 2086, S.A., escrowed its shares in Corporación 2086, S.A. and the duplicate certificate of title to Villa Kary A-11 with an escrow agent in the Dominican Republic for Frisco's benefit.

15. As of October 1, 2010, the outstanding principal and interest balance of the Loan was $559,414.08.

16. Based on the current list of bankruptcy debtors, Private Escapes Platinum, LLC, and Private Escapes Platinum Dominican, LLC, do not appear to be included in the administratively consolidated Holdings cases. However, based on the organization chart

#78833v1

attached as Exhibit A to the Declaration of Philip Callaghan in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief Filed by Ultimate Escapes Holdings [Docket No. 4], it appears Private Escapes Platinum Dominican, LLC may now be owned by UE Member, the debtor in Case No.10-13093. Neither Sterling Exploration, LLC, nor Frisco authorized or consented to any transfer of Private Escapes Platinum, LLC's membership interest in Private Escapes Platinum Dominican, LLC.

17. While the Amended and Restated Agreement of Sale and Purchase filed on October 12, 2010, does not specify Private Escapes Platinum Dominican, LLC as a Seller, and does not appear to include within the assets to be sold: a) any real estate in the Dominican Republic; b) any equity interest in either Private Escapes Platinum, LLC, or Private Escapes Platinum Dominican, LLC; or c) any equity interest in Corporación 2086, S.A., uncertainty remains about what is to be sold in the proposed Sale. Out of an abundance of caution, given that uncertainty, to the extent any of Frisco's collateral is now, or might in the future be, included within the assets the Debtors propose to sell in the Sale free and clear, Frisco, as a duly perfected secured creditor with liens that prime any liens the Secured Lenders might hold, does not consent to the Sale and objects to it. Frisco respectfully submits that the Debtors cannot satisfy the requirements of 11 U.S.C. § 363(f) in connection with the Sale over Frisco's objection, particularly when the proposed purchase price is to be paid by the Secured Lenders bidding in pursuant to 11 U.S.C. § 363(k).

WHEREFORE, Frisco Investments, LLC, prays that, to the extent any of Frisco's collateral is now, or might in the future be, included within the assets the Debtors propose to sell in the Sale free and clear, the Debtors' motion seeking approval of the Sale be denied, and that Frisco be granted such other and further relief as is just and proper.

#78833v1

Dated: October 14, 2010
Wilmington, Delaware

    */s/ Rachel B. Mersky*
Rachel B. Mersky (DE #2049)
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801
Telephone:   (302) 656-8162
Facsimile:   (302) 656-2769
Email:   rmersky@monlaw.com

    and

KLINE, KLINE, ELLIOTT & BRYANT, P.C.
Stephen W. Elliott, OBA #2685
Julie Brower, OBA #20634
720 N.E. 63rd Street
Oklahoma City, OK 73105
Telephone:   (405) 848-4448
Facsimile:   (405) 842-4539
Email:   selliott@klinefirm.org
Email:   jbrower@klinefirm.org

ATTORNEYS FOR
FRISCO INVESTMENTS, LLC

#78833v1