# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ULTIMATE ESCAPES HOLDINGS, LLC, *et al.*, | Case No. 10-12915 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: August 24, 2011 at 11:30 a.m. (EST)<br>Objection Deadline: August 17, 2011 at 4:00 p.m. (EST) |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move the Court (the "**Motion**"), pursuant to section 1121(d) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), for entry of an order extending the time within which the Debtors may file a chapter 11 plan and solicit acceptances thereof. In support of this Motion, the Debtors respectfully state as follows:

### Status of the Case and Jurisdiction

1. On September 20, 2010 and September 23, 2010 (the "**Petition Date**"), the Debtors commenced these cases (the "**Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner. On September 30, 2010, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") in these Cases.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. On January 25, 2011, the Court entered its *Order Granting Debtors' Motion to Extend the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 574] (the "**First Extension Order**").

6. On May 10, 2011, the Court entered its *Order (Second) Granting Debtors' Motion to Extend the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* extending the Debtors' exclusive period within which to file a chapter 11 plan, through and including July 18, 2011 and the Debtors' exclusive period within which to solicit acceptances of their chapter 11 plan, through and including September 15, 2011 [Docket No. 693] (the "**Second Extension Order**").

7. On June 29, 2011, the Debtors filed the *Chapter 11 Liquidating Plan Proposed by the Debtors and Debtors in Possession* [Docket No. 742] (the "**Plan**"), together with the *Disclosure Statement with Respect to Chapter 11 Liquidating Plan Proposed by the Debtors and Debtors in Possession* [Docket No. 743] (the "**Disclosure Statement**"). A hearing on the Disclosure Statement is presently set for August 24, 2011.

8. On July 1, 2011, the Committee filed a Complaint against CapitalSource Finance LLC, CapitalSource Bahamas LLC and CapitalSource Bank (collectively "**CapitalSource**") for certain declaratory relief [Adv. No. 11-52457, Docket No. 1] (the "**Adversary Complaint**").

9. The statutory predicate for the relief sought herein is section 1121(d) of the Bankruptcy Code.

### Background

10. The Debtors were one of the largest operators in the high-end luxury destination club industry. The Debtors provided club members and their families with flexible access to a portfolio of multi-million dollar club residences, exclusive member services and resort amenities. The Debtors operated prepetition over 119 luxury club residences in various global destinations, including throughout the United States, Mexico, Central America, the Caribbean and Europe. The Debtors also provided their members with preferred access to four and five-star hotel properties and resorts. The Debtors derived their revenue from the sale of one-time club membership fees, annual dues and additional use fees or other charges related to upgrades in exchange for access to their portfolio of properties throughout the world. The Debtors served approximately 1,200 club members.

11. On October 25, 2010, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order approving the sale of substantially all of the Debtors' assets (the "**Sale Order**") to (A) CapitalSource Finance LLC, as administrative, payment and collateral agent, CapitalSource Bahamas LLC, as a collateral agent, for the benefit of CapitalSource Bank, as lender or any of their respective designees; (B) Laurence Development LP, an Ontario limited partnership; and (C) certain individuals (collectively, the "**Sales**"). The vast majority of the Sales closed during the months of November and December 2010, with the remaining Sales closing in 2011.

### Relief Requested

12. By this Motion, the Debtors seek the entry of an order pursuant to section 1121(d) of the Bankruptcy Code: (a) extending the deadline for the Debtors to file a chapter 11 plan (the

"**Exclusive Filing Period**"), which deadline currently expires on July 18, 2011, by 91 days, through and including October 17, 2011, and (b) extending the deadline for the Debtors to solicit acceptances of such chapter 11 plan (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**"), which deadline currently expires on September 15, 2011, by 90 days, through and including December 14, 2011.

### Basis For Relief

13. Pursuant to section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization during the first 120 days after the commencement of a chapter 11 case. If a debtor files a plan during this period, pursuant to Bankruptcy Code section 1121(c)(3), an additional 60 day period is automatically granted during which the debtor may exclusively solicit acceptance of the plan.

14. Section 1121(d) of the Bankruptcy Code provides that the Court may extend these exclusive periods for cause. 11 U.S.C. § 1121(d) ("[O]n request of a party-in-interest and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

15. While the Bankruptcy Code does not define the term "cause" in this context, it is well established that the decision to extend a debtor's exclusivity period is committed to the sound discretion of the Bankruptcy Court and should be based upon the facts and circumstances of a particular case. *First American Bank of New York v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Sharon Steel Corp.*, 78 B.R. 762, 763 (Bankr. W.D. Pa. 1987); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). Courts have looked to the legislative history of section 1121(d) for guidance. *See In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989).

16. Congress intended that the exclusive periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate, and draft a viable plan, without the disruption to the business that would occur with the filing of competing plans. As summarized in *In re Public Service Co. of New Hampshire*:

> [Section] 1121(d) provides a "for cause" standard in determining exclusivity extension requests. As might be inferred from such a general standard, the legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings.

88 B.R. 521, 534 (Bankr. D. N.H. 1988); *see* H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (emphasis added) (footnotes omitted); *Amko Plastics*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of ... [Section] 1121(d)] is flexibility").

17. When determining whether cause exists for an extension of a debtor's exclusivity period, courts have relied on a variety of factors, each of which may provide sufficient grounds for extension. Factors considered by courts in reaching a determination have included: (i) the size and complexity of the case, (ii) the necessity of sufficient time to negotiate and prepare adequate information, (iii) the existence of good faith progress toward reorganization, (iv) whether the debtor is paying its debts as they come due, (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (vi) whether the debtor has made progress in negotiating with creditors, (vii) the length of time the case has been pending, (viii) whether the debtor is seeking the extension to pressure creditors, and (ix) whether unresolved contingencies exist. *See In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also In re Adelphia*, 342 B.R. 122, 131 (Bankr. S.D.N.Y. 2006) (considering a

variety of factors but focusing on whether "debtors had made a good faith progress towards reorganization and whether the extension of exclusivity was sought to pressure creditors to submit to debtor's reorganization demands.").

18. Considering these factors and the status of the Debtors' Cases, the Debtors submit that cause exists to extend the Exclusive Periods. During the pendency of these Cases, the Debtors have worked diligently to transition into chapter 11, manage their businesses, administer their estates and these cases, worked diligently to negotiate and consummate the sale of substantially all of their assets, with the vast majority of such Sales closing in November and December 2010 in accordance with the Sale Order.

19. Since the entry of the Second Extension Order, the Debtors have continued to work diligently to close the remaining Sales. Furthermore, the Debtors have been focusing their attention on working internally to determine how best to proceed in their Cases going forward in order to generate the most value for the Debtors' creditors. The Debtors have spent significant time and effort working, at first together with the Committee and then together with CapitalSource, to develop a chapter 11 plan and have made a great deal of progress in this regard with the filing of the Debtors' Plan on June 29, 2011. The Debtors anticipate that the extension of the Exclusive Periods will afford them sufficient time to move forward in seeking the approval of their Disclosure Statement and subsequent confirmation of the Plan without the disruption that might be caused by the filing of a competing plan by a non-debtor party. Furthermore, the extension of the Exclusive Periods will give the Debtors the opportunity to evaluate the effect of the Adversary Complaint on the Plan, as proposed. The Debtors respectfully submit that the extension of the Exclusive Periods will not harm creditors or other

parties-in-interest, as such parties will retain the right to seek to terminate such Exclusive Periods or to oppose any future requests for extensions of such Exclusive Periods.

20. Moreover, the Debtors are not seeking this extension to pressure creditors or force them to accede to the Debtors' reorganization demands. Indeed the Debtors believe that they have proposed an efficient Plan for moving forward with these Case and are keenly aware of the need to involve other parties-in-interest in these Cases. The Debtors have consistently conferred with the Committee and, as appropriate, other parties-in-interest on major substantive and administrative matters in these Cases. The Debtors intend to continue to confer with the Committee and other parties-in-interest with respect to the Plan and other major substantive and administrative matters in these Cases. An extension of the Exclusive Periods will serve to foster rather than hamper this process.

21. In light of the foregoing factors, the Debtors' request for an extension of the Exclusive Periods is justified. This is the Debtors' third request for an extension of the Exclusive Periods, whose Cases have been pending since September 20, 2010 or September 23, 2010. Moreover, the 90 day extension requested by the Debtors is well within the 18- and 20-month extension limits now set forth in sections 1121(d)(1)(2)(A) and (B) of the Bankruptcy Code.

22. For all of the foregoing reasons, the Debtors respectfully submit that "cause" exists under section 1121(d)(1) of the Bankruptcy Code and that the equities weigh in favor of granting the Debtors an extension of the Exclusive Periods as requested herein.

## Notice

23. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) CapitalSource; (c) the Committee; and (d) those parties requesting notice pursuant to Rule 2002-1(b) of the Local Rules

for the United States Bankruptcy Court for the District of Delaware. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 18, 2011

GREENBERG TRAURIG, LLP

Scott D. Cousins (DE Bar No 3079)
Sandra G. M. Selzer (DE Bar No 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: cousinss@gtlaw.com
    selzers@gtlaw.com

-and-

Nancy A. Mitchell
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com

Counsel for the Debtors and Debtors-in-Possession